UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PARRIS JORDAN,

       Plaintiff,

       v.                                   CAUSE NO. 1:25-CV-537-TLS-APR

ALLEN COUNTY, ALLEN COUNTY JAIL,

       Defendants.

**OPINION AND ORDER**

Parris Jordan, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jordan alleges that he is a witch that studies "witchcraft/Wiccan/Egyptian Sorcery." ECF 1 at 2. While incarcerated at the Allen County Jail, he alleges that he was denied a Wiccan Bible. Additionally, he wants the jail to hold a Wiccan religious study and offer Wiccans and practitioners of witchcraft the same resources and rights as other religions. He also wants the jail to offer a black prayer towel, a Wiccan/Witchcraft diet, and a Wiccan/Witchcraft Chaplain.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592–93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related

to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Furthermore, the Equal Protection Clause and the Establishment Clause prohibit a defendant from treating members of some religious faiths more favorably than others without a secular reason. *See Cruz v. Beto,* 405 U.S. 319, 322–23 (1972); *Nelson v. Miller,* 570 F.3d 868, 880–82 (7th Cir. 2009); *Kaufman v. McCaughtry,* 419 F.3d 678, 683–84 (7th Cir. 2005). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015).

Regarding Jordan's request for a Wiccan bible and a black prayer towel, he has not stated a claim under the Free Exercise Clause or even the broader protections of RLUIPA, because he has not alleged that he was prohibited from possessing the book or prayer towel, only that it was

not provided to him free of charge. *See Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005)

(explaining RLUIPA is "directed at obstructions institutional arrangements place on religious

observances, [it] does not require a State to pay for an inmate's devotional

accessories" ); *Charles v. Verhagen*, 348 F.3d 601, 605 (7th Cir. 2003) (concluding RLUIPA

allows an inmate to possess prayer oil that he bought himself); *Lewis v. Sullivan*, 279 F.3d 526,

528 (7th Cir. 2002) ("[T]here is no constitutional entitlement to subsidy.").

Jordan wants a Wiccan diet, but he does not describe the dietary rules of his faith or

explain how the diet he is receiving violates those rules. He also wants a Wiccan chaplain and

some sort of service for Wiccans and practitioners of witchcraft. He says he wants the same

resources that other religions receive, but he does not provide any information about what the jail

offers practitioners of other religions or how those accommodations or services are paid for. His

allegations are too vague to state a claim.

Additionally, Jordan has named only two defendants: the Alley County Jail and Allen

County. Jordan cannot proceed against the Allen County Jail because it is a building. It is not a

suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Furthermore,

because a county has no agency relationship with a sheriff or the sheriff's department,

a county cannot be held liable under a respondeat superior theory for the actions of a sheriff or

a sheriff's department. *Argandona v. Lake Cnty. Sheriff's Dep't*, No. 2:06 CV 259, 2007 WL

518799, at *3 (N.D. Ind. Feb. 13, 2007) ("The court concludes that the Lake County Sheriff's

Department, when acting in its law enforcement capacity, is neither an arm of the State nor a

mere extension of Lake County. Rather, the Department is a separate municipal entity and

subject to suit under § 1983.").

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Jordan believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

4

(1) GRANTS Parris Jordan until **February 23, 2026**, to file an amended complaint; and

(2) CAUTIONS Parris Jordan if he does not respond by the deadline, this case will be

dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does

not state a claim for which relief can be granted.

SO ORDERED on January 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT