UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PARRIS JORDAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-537-TLS-APR |
| BUTLER, HERSCHBERGER, | |
| Defendants. | |

**OPINION AND ORDER**

Parris Jordan, a prisoner without a lawyer, filed a complaint that did not state a claim. ECF 1. He was granted leave to file an amended complaint. ECF 5. He has now filed an amended complaint naming two defendants: Butler and Herschberger. ECF 6.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The body of the complaint says only this:

1. Butler and Sheriff Herschberger are responsible for denying me my Holy Creed, they train there [sic] officers not to get me my Holy bible (Wiccan Bible) and deny the chaplain means to get it to my [sic] as I show in my grievance and request.

2. This is to be added to my lawsuit I already filed[.]

ECF 6 at 2.

The factual allegations in the amended complaint against Butler and Herschberger are far too vague to state a claim. Jordan does not explain what happened that he believes violated his rights. Instead, he makes the conclusory allegation that the defendants inappropriately trained their officers regarding Jordan's rights to a Wiccan bible. Failure to train and supervise claims can only be brought against a municipality. *See Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden). There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

Jordan makes reference to a grievance and a request. Those documents might shed some light on what happened here, but they are not attached to his complaint.

Jordan also indicates that he wants the court to consider his allegations in the earlier complaint together with the allegations included in his amended complaint. This court's local rules require amended complaints to stand on their own and do not allow parties to amend complaints in a piecemeal fashion. *See* Fed. R. Civ. P. 11(a); N.D. Ind. L.R. 15-1. Therefore, only the allegations in the amended complaint will be considered at this time.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555

(quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The amended complaint does not state a claim for which relief can be granted. Jordan has already had one opportunity to amend his complaint. If Jordan believes he can state a claim based on (and consistent with) the events described in the amended complaint, he may file another amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

If Jordan decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, as required by Northern District of Indiana Local Rule 7-6. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He should complete all portions of the form. He should avoid using legal jargon and should instead explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) GRANTS Parris Jordan until **March 4, 2026**, to file an amended complaint; and

4

(2) CAUTIONS Parris Jordan if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 6, 2026.

                                                  s/ Theresa L. Springmann
                                                  JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT